UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

September 24, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Bradley Wyatt Nugent, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-20-3044 |
| | § | |
| Andrew Saul, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.  *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that Bradley Nugent is not disabled under the Social Security Act. It does.

2.  *Standard of Review.*

Nugent brought this action for judicial review of the commissioner's final decision to deny his disability insurance benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

Judicial review is limited to determining whether substantial evidence in the record supports the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3.    *Statutory Criteria.*

The law has a five-step sequential evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if he works for substantial gain. Second, a claimant is not disabled unless he has been medically impaired for at least twelve months. Third, a claimant is not disabled unless his impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on his capacity to work. If the claimant is able to perform his past work, he is not disabled. Fifth, a claimant is not disabled if he can adjust to other work that is a significant part of the national economy. 20 C.F.R. §404.1520(a) (2003).

4.    *Evidence.*

      A. *Background.*

Nugent is a 51-year-old man who claims a disability by chronic pain syndrome primarily resulting from a 1997 car accident. He says that he has difficulty standing, sitting, and walking, and suffers from depression and social anxiety. Additionally, Nugent claims that he needs a cane to walk, suffers from severe right hand tremors, and cannot do simple tasks, such as bathing, without the assistance of another person. Nugent has been prescribed and is regularly taking pain medication, primarily Norco, a hydrocodone based drug, and Soma.

Nugent has a high school education and worked as a code enforcement officer for twenty years before being fired in 2009 for persistent absences. Nugent insists that he could not do his job because of excessive pain. When he applied for social security on January 27, 2017, he alleged his onset date as February 6, 2013, but then later amended it to January 27, 2017. His claims were denied twice, initially on November 29, 2017, and again on March 21, 2018. Because the state agency's medical consultants determined that Nugent could lightly exert himself but could not use a ladder, scaffold, or ropes.

Nugent, two medical experts, and a vocational expert testified at the hearing on April 16, 2019. Ashok Khushalani, a psychiatrist, concluded that Nugent's ailment met the requirements of a listed impairment, namely depression, if not treated. However, Khushalani noted that psychiatric treatment would allow Nugent to perform simple tasks and tolerate occasional public contact.

Gerald Isaac, Nugent's primary physician and an internal medicine doctor, had previously recommended psychiatric treatment and a pain treatment. Nugent never met with the psychiatrist because he thought that he had already been receiving treatment for his depression from Isaac's prescriptions. Nugent visited the pain specialist once.

Albert Oguejiofor, an internal medicine specialist, opined that Nugent possessed the residual functional capacity to perform light work because the record shows that Nugent is limited by his arthritis in the neck and back but does not show any neurological deficits, muscle atrophy, or loss of sensation. Oguejiofor could not conclude that Nugent's ailments met a listed impairment because the few pertinent medical records were from 1999. Oguejiofor could not attribute the hand tremors to his cervical condition because just one medical record notes the tremor, and other conditions, such as medication, could be the source.

Rosalind Lloyd, a vocational expert, determined that Nugent could work as an office helper, shipping and receiving weigher, mail room clerk, with the preclusion of ladder, scaffold, or ropes use.

B. *Application.*

The hearing officer properly found that Nugent did not have a disability because: (1) none of his ailments met a listed impairment, (2) he retains the residual functional capacity to perform light work, and (3) other work within his capabilities is available. The expert testimony and the administrative record

support these conclusions. Additionally, the officer followed the process correctly.

The officer considered all of the evidence from 2017 to 2018 to determine whether Nugent potential disability. In support of Nugent's claim, the record contains substantial evidence to support a finding that Nugent has not been gainfully employed and has been medically impaired. However, Nugent's medical records indicate that he had a normal range of motion, coordination, gait, and muscle tone. Nugent's contention that he requires a cane to walk is without evidentiary basis and is controverted by Isaac's earlier opinion that he does not require an assistive device to walk. As the officer found, any further claims concerning the persistence, impact, and limiting effect of the complained of ailments are inconsistent with the objective medical record and other evidence of record.

The officer found that Nugent did not have a disability because: (1) his ailments did not meet a listed impairment, and (2) he has the residual functioning capacity to perform other light work that is a significant part of the economy. In reaching the conclusion that the ailments were not listed, the officer relied on Khushalani, who said that Nugent's examinations were consultative, antiquated, and did not result in treatment through Nugent's unexcused absence. Even if Nugent's depression met a listed impairment if not treated, Nugent could have been treated but did not attend those sessions. In concluding on Nugent's residual functioning capacity, the officer found adequate mental residual functional capacity through Khushalani's opinion that Nugent could "do simple tasks with occasional public contact," despite his likely suffering from chronic pain. The officer also used Lloyd's and Oguejiofor's testimony to determine that Nugent is not disabled because Nugent could adjust to other work in the national economy, of which there are significant jobs within Nugent's residual functional capacity, such as office helper, shipping receiver weigher, and mail room clerk. Sufficient evidence in the record shows that despite some limitations, Nugent can perform light work to earn an income.

5.    *Conclusion.*

The commissioner's decision denying Bradley Nugent's claim for disability insurance is supported by substantial evidence and will be affirmed. Bradley Nugent will take nothing from Andrew Saul.

Signed on September **24**, 2021 at Houston, Texas.

Lynn N. Hughes
United States District Judge